IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Fred Walker #263453, ) | |
| ) | C/A No. 3:05-CV-3498-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| South Carolina Department of Corrections; ) | |
| John Ozmint, Director of SCDC; and Henry ) | |
| McMaster, Attorney General of the State of ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Fred Walker is an inmate in the custody of the South Carolina Department of Corrections. He is currently incarcerated at the Perry Correctional Institution in Pelzer, South Carolina. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is before the court on cross-motions for summary judgment. Respondents moved for summary judgment on March 16, 2006. Respondents' Motion for Summary Judgment (Entry 16). By order filed April 10, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Although Petitioner did not respond to Respondents' motion, he filed his own motion for summary judgment on April 25, 2006. Petitioner's Motion for Summary Judgment (Entry 22). Respondents filed a response to Petitioner's motion on May 15, 2006. Response in Opposition (Entry 23).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On December 8, 2006, the Magistrate Judge filed a Report and Recommendation in which he recommended that the court

grant Respondents' motion for summary judgment, deny Petitioner's motion for summary judgment, and dismiss the petition without an evidentiary hearing. Report and Recommendation, 11 (Entry 25). Petitioner filed objections to the Report on December 19, 2006. Objections to Report and Recommendation (Entry 26).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**PROCEDURAL HISTORY**

The facts and procedural history of this case are detailed in the Magistrate Judge's report. Report and Recommendation, 1-3. Briefly, on December 21, 1999, Petitioner pleaded guilty to several counts of armed robbery, assault and battery with intent to kill, possession of a weapon during the commission of a violent crime, and criminal conspiracy. See December 21, 1999 Plea Transcript, 5-15, 27-31 (Entry 15-2). He did not file an appeal, and the conviction became final on December 31, 1999, the expiration of the ten-day period in which he could have timely filed for direct appeal review. See Rule 203(b)(2), SCACR. On September 1, 2000, Petitioner filed his first application for post conviction relief ("PCR"). 2000 PCR Application (Entry 15-4). Nonetheless, during an evidentiary hearing on October 29, 2002, Petitioner voluntarily withdrew the application after being advised by his attorney and the court that he would not be allowed to later refile the

application. October 29, 2002 Hearing Transcript, 4, 6-7 (Entry 19-2). The court entered an order on October 31, 2002 dismissing the matter with prejudice. October 31, 2002 Order, 1 (Entry 15-6). Petitioner filed a pro se motion to reinstate the PCR application on December 24, 2003, Petition to Withdraw Consent to Dismissal of PCR, 1 (Entry 15-7), which the court denied, January 8, 2004 Order, 1 (Entry 15-8). Petitioner did not appeal this ruling.[1]

On December 12, 2005, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being unlawfully held in custody because: (1) his guilty plea was involuntary; (2) he was denied effective assistance of counsel during trial; (3) the indictments for armed robbery violated the Double Jeopardy clause of the Fifth Amendment to the United States Constitution; and (4) the trial court lacked subject matter jurisdiction. Petition for Writ of Habeas Corpus, 4-5 (Entry 1). The Magistrate Judge recommended that the petition be dismissed because it was not filed within the one-year statute of limitations imposed by Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), and Petitioner's claims were procedurally barred because he had not raised those claims to the South Carolina Supreme Court. Report and Recommendation, 4-5, 7-8, 9-11.

---

[1] Petitioner subsequently filed two other PCR applications on March 25, 2004 (Entry 15-9) and May 19, 2005 (Entry 15-15), respectively. The 2004 application was dismissed as successive under state procedural rules. July 1, 2004 Order, 1 (Entry 15-11). Petitioner's appeal of this ruling was dismissed by the South Carolina Supreme Court as untimely. Order of Dismissal, 1 (Entry 15-12). The 2005 application was dismissed as both successive and untimely under state procedural rules. Conditional Order of Dismissal, 4-7 (Entry 15-18); Final Order, 2-3 (Entry 15-20). Petitioner did not appeal the dismissal of this application.

3

**DISCUSSION**

The court has reviewed Petitioner's objections to the Report and Recommendation of the Magistrate Judge. Petitioner does not raise any specific objection to the Magistrate Judge's findings; rather, he simply asks the court to reconsider his claims. See, e.g., Objections to Report and Recommendation, 1 ("I'm asking that the Court's [sic] take my claims to be submitted for re-consideration [sic]."); id. ("I object that I didn't develope [sic] a claim on my PCR or to the South CarloIna [sic] Supreme Court"); id. at 2 ("I object to the matter that my last PCR didn't go to the Supreme Court."). Even if the court construed these statements as objections to the Report, at most, they would constitute the type of general and conclusory objections that do not warrant the court's response. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review).

After thoroughly reviewing the Report and Recommendation in its entirety as well as the applicable statutory and case law, the court finds no error in the Report and Recommendation. The Magistrate Judge properly found that the petition was untimely under AEDPA's statute of limitations. Report and Recommendation, 4-5. AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A); however, a "properly filed application for State post-conviction relief" will toll the time for filing, 28 U.S.C. § 2244(d)(2). In this case, the statute of limitations began to run on December 31, 1999 (the day Petitioner's conviction became final) and was not tolled until September

1, 2000 (the day Petitioner filed the first PCR application), at which time two hundred and forty-five (245) days had elapsed. The statute began to run again on October 31, 2002 (the day the judgment dismissing the first PCR action was entered)[2], yet Petitioner did not file the present petition until December 12, 2005, more than three years later. As the Magistrate Judge found, the petition is "clearly untimely" under AEDPA's one-year statute of limitations. Report and Recommendation, 5.

The court also concurs in the Magistrate Judge's finding that Petitioner's claims were procedurally barred. Report and Recommendation, 9-11. A § 2254 petitioner is required to exhaust all state court remedies before a federal court may review his claims. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ("[A] federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1978))). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews, 105 F.3d at 911. In this case, Petitioner never properly presented his grounds for post conviction relief to the South Carolina Supreme Court for review, nor did he make any attempt to overcome this procedural bar by showing cause and prejudice or actual innocence. See Smith v. Murray, 477 U.S. 527, 533 (1986) ("[A] federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial. Accordingly, although federal courts must at all times retain the power to look beyond state procedural forfeitures, the exercise of that power ordinarily is inappropriate unless the defendant

---

[2] Because the 2004 and 2005 PCR applications were untimely, the statute was not tolled during the time those applications were pending. See Pace v. Diguglielmo, 544 U.S. 408, 414 (2005) (holding that, when a petition for post conviction relief is untimely under state law, it is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and therefore not subject to equitable tolling).

succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'" (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977))). The Magistrate Judge correctly concluded that Petitioner's failure to properly present his claims to the highest state court before seeking habeas relief precludes federal review.

## CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. For the reasons stated herein and in the Report and Recommendation, Respondents' motion for summary judgment is **granted;** Plaintiff's motion for summary judgment is **denied**; and the within petition for writ of habeas corpus is dismissed with prejudice.

**IT IS SO ORDERED.**

  /s/ Margaret B. Seymour
 Margaret B. Seymour
 United States District Judge

Columbia, South Carolina
March 14, 2007

### NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**